UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ANDREW DIXON,

                        Plaintiffs,

                -against-

CITY OF NEW YORK; Police Officer MARK BRINADZE (Shield No. 26105); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
-----------------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

ECF Case

Plaintiff by his attorney, Katherine E. Smith, Esq., complaining of the defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, by defendants THE CITY OF NEW YORK ("City"); POLICE OFFICER MARK BRINADZE, ("Brinadze"), Shield No. 26105; and P.O.s "JOHN and JANE DOE" #1-10 ("Does); as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Andrew Dixon ("plaintiff" or "Mr. Dixon") is an African-American male and was, at all relevant times, a resident of Kings County in the City and State of New York.

7. Defendant City is a municipal corporation organized under the laws of the State of New York.

8. Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Mark Brinadze, Shield No. 26105 ("Brinadze"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Brinadze is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times hereinafter mentioned, the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

14. At approximately 3:40 p.m. on April 1, 2012, plaintiff was lawfully in the vicinity of Powell Street and Livonia Avenue, Brooklyn, NY.

15. Plaintiff was walking towards the subway station when three male New York City Police Officers, including defendant Brinadze, approached plaintiff.

16. The officers demanded to see plaintiff's identification.

17. Plaintiff told the officers that he did not have identification with him.

18. The defendant officers then asked plaintiff where he was going, and Mr. Dixon informed them that he was on the way to meet his friends.

19. The officers then proceeded to search plaintiff.

20. At no time did plaintiff possess any drugs, weapons or any other form of contraband on his person.

21. The officers, including defendant Brinadze searched plaintiff and recovered

nothing.

22. Despite the fact that they found nothing, one of the officers exclaimed, "I got it!"

23. One of the defendants then hit plaintiff on the back of the head with his radio with tremendous force, injuring plaintiff and causing him to bleed excessively.

24. The defendants, including defendant Brinadze, continued to beat plaintiff.

25. The officers then placed plaintiff under arrest, despite the fact that they had no probable cause to do so.

26. Plaintiff was transported to Brookdale Hospital to be treated for his injures.

27. Plaintiff was subsequently transported to the 77th precinct.

28. At the precinct, the defendants, including defendant Brinadze, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit the following crimes and offenses: criminal possession of a controlled substance, attempted tampering with physical evidence, resisting arrest, and disorderly conduct.

29. The defendants, including Brindaze, forwarded false information on to the Kings County District Attorney's Office in an effort to cover up their unlawful arrest and use of excessive force on plaintiff.

30. At no point did the officers observe plaintiff commit any crimes and/or offenses.

31. From the precinct, plaintiff was transported to Brooklyn Central Booking.

32. Plaintiff was subsequently arraigned in Kings County Criminal Court, and was transported to Rikers Island.

33. Plaintiff remained incarcerated for approximately eleven months.

34. All charges against plaintiff were dismissed on or about December 20, 2012.

35.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations

## FIRST CLAIM
### 42 U.S.C. § 1983  Federal Civil Rights Violations

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

38.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### Unlawful Stop

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendants violated the Fourth and Fourteenth Amendments because they stopped plaintiff without reasonable suspicion.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause, privilege or consent.

47. As a direct and proximate result of this unlawful conduct, plaintiff's liberty was restricted for an extended period of time, they were put in fear for their safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Malicious Abuse of Process

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. The individual defendants issued legal process to place plaintiff under arrest.

53. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

54. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights, in addition to the damages hereinbefore alleged.

## SIXTH CLAIM
## Failure to Intervene

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. The individual defendants created false evidence against plaintiff.

62. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

63. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

64. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Malicious Prosecution

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

67. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

68. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### EIGHTH CLAIM
### Municipal Liability

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. Defendants arrested and incarcerated plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

71. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

73. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

74. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

75. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

77. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was illegally stopped, subjected to excessive force, and was incarcerated unlawfully for approximately eleven (11) months.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

78. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

79. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to:

   a) Wrongfully stopping and detaining African-American individuals based on racial profiling, as documented in the Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting From the New York Police Department's 'Stop & Frisk' Practices."

   b) Wrongfully stopping and detaining African-American individuals based on racial profiling, as documented in the Office of the Attorney General of the State of New York, Civil Rights Bureau's December 1, 1999 report entitled "New York City Police Department's 'Stop & Frisk'" Practices: A Report to the People of the State of New York from the Office of the Attorney General."

80. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

   A. Not to be deprived of liberty without due process of law;

    B.  To be free from seizure and arrest not based upon probable cause;

    C.  Not to have cruel and unusual punishment imposed upon them; and

    D.  To receive equal protection under the law.

68. As a result of the foregoing, plaintiff is entitled to compensatory damages and further entitled to punitive damages against the individual defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:     April 4, 2013
           New York, New York

_____
Katherine E. Smith
The Law Office of Katherine E. Smith
495 Henry Street, #159
Brooklyn, New York 11231
(347) 470-3707
ksmith@legalsmithny.com

*Attorney for Plaintiff*